IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES CURTIS, Inmate #B-30130,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROGER PELKER,** *et al.*, )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-401-MJR** |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

On May 27, 2004, while he was in the Menard Correctional Center, Plaintiff was charged

with disobeying a direct order, damage or misuse of property, impairment of surveillance, and insolence. He was found guilty of all charges and punished with six months in segregation, six months at C-grade, six months commissary restriction, three months yard restriction, and the revocation of three months of good conduct credit. Plaintiff claims that the charges were fabricated by Defendants Pelker and Hamlin out of retaliation for complaints or grievances he had previously filed against Pelker.

In the instant case Plaintiff is challenging not only the validity of the charges against him, but also the motivation for issuance of the ticket in the first instance. Proof of such claims could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of three months of good time credit. The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.* to consider the merits of Plaintiff's claim. Plaintiff must exhaust his state court remedies before bringing his claims to federal court.

In summary, Plaintiff has failed to state a claim upon which relief may be granted, and this complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as his third allotted "strike" under the provisions of 28 U.S.C. § 1915(g). *See also Curtis v. Devine*, Case No. 02-cv-2605 (N.D.

Ill., filed April 22, 2002) (dismissed for failure to state a claim); *Curtis v. Kuffer*, Case No. 04-cv-2604 (N.D. Ill, filed April 14, 2004) (dismissed for failure to state a claim).

**IT IS SO ORDERED.**

**DATED this 26th day of July, 2007.**

<u>**s/ Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**